# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MATEO HERNANDEZ-DE LUNA, Inmate ) <br> Number 45710, ) <br> ) <br> Defendant. ) <br> _____ | 3:98-cr-00108-HDM <br> (CR-N-98-108-HDM(PHA)) <br><br><br> ORDER |

Defendant-prisoner Mateo Hernandez-De Luna pled guilty to a one-count violation of 8 U.S.C. 1326, Unlawful Reentry of a Deported Alien, on September 29, 1999. On January 24, 2000, he was sentenced by this court to seventy (70) months imprisonment to run consecutively to the undischarged term of imprisonment for case CR96-1527 (a state court case). Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2) years and may face deportation.

On March 18, 2011, the defendant petitioned this court for a modification of consecutive sentence. (Docket No. 23) He moves this court for an order modifying his federal sentence so that it

would run concurrently with his state court sentence and, upon his release from state prison, that he be deported immediately. *Id.*

The court construes the defendant's petition as a motion for modification of sentence under 18 U.S.C. § 3582©. "The court may not modify a term of imprisonment once it has been imposed except" in certain circumstances. 18 U.S.C. § 3582©. The court may modify a prisoner's sentence: (1) "upon motion of the Director of the Bureau of Prisons,... if it finds that...extraordinary and compelling reasons warrant such a reduction; or ... the defendant is at least 70 years of age, has served at least 30 years in prison ... for the offense or offenses for which [he] is currently imprisoned, and a determination has been made ... that [he] is not a danger to ...[others and] the community," (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," and (3) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered[,]... upon motion of the defendant[,] the Director of the Bureau of Prisons, or ... the court." 18 U.S.C. § 3582(c)(1)-(2).

The defendant has not met the criteria for a modification of sentence. First, the Director of the Bureau of Prisons did not petition the court to modify the defendant's sentence on the basis of the defendant's age, the length of his prison term, or because he no longer presents a danger to others and the community. 18 U.S.C. § 3582(c)(1)(A). The defendant is not "at least 70 years of age." *Id.* He was 31 in 1999, and must now be in his early forties. He has not "served at least 30 years in prison" for the offense at issue. *Id.* He was sentenced by this court in January of 2000 to

under six years imprisonment to run consecutively to his state court case.[1]  It has not been asserted that the defendant is no longer a threat to society. *Id.*  Second, the court finds no basis to modify the defendant's imposed term of imprisonment that is "otherwise expressly permitted" by statute or Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B).  Third, the defendant's term of imprisonment was not "based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2).

In addition, to the extent the defendant requests that this court expedite any removal proceedings he may be subject to upon his release from prison, this court does not have authority to grant that relief.  Only the Attorney General of the United States has the authority to remove an alien. 8 U.S.C. § 1231(a)(4)(A)(the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment); 8 U.S.C. § 1231(a)(4)(B)(the Attorney General is authorized to remove an alien, if the Attorney General determines that the alien is confined pursuant to a conviction for a nonviolent offense, or the alien's removal is appropriate and in the best interest of the United States); *Tamayo v. Holder*, 2009 WL 2488032 (C.D.Cal. 2009)(court lacked authority to initiate deportation order); *United States v. Tinoso*, 327 F.3d 864, 866 (9th Cir. 2003)(determination of whether an alien is subject to deportation resides in the Executive Branch).  Furthermore, "a district court cannot *sua sponte* issue a deportation order without a request from the United States Attorney." *United States v. Marin-Castaneda*, 134 F.3d 551,

---

[1] The state court case originated in 1996.

3

556 (3d Cir. 1998)(district court lacked authority to depart downward in sentence because of Attorney General's statutory power to deport alien before completion of prison term).  Lastly, imprisoned aliens or those on supervised release have no private right to speedy removal. 8 U.S.C. § 1231(a)(4)(D)(aliens "imprisoned, arrested, or on parole, supervised release, or probation" cannot assert a cause or claim "under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien"); *United States v. Aispuro*, 127 F.3d 1133, 1134 (9th Cir. 1997)(an alien has no private right of action to compel the Attorney General to remove him from the United States prior to the completion of his sentence); *Tamayo*, 2009 WL 2488032 (no private right of action to compel deportation).  Thus, this court does not have the authority to expedite or compel the defendant's removal proceedings.

    Accordingly, the defendant's motion for modification of consecutive sentence (#23) is DENIED.

    It is so ORDERED.

    DATED: This 6th day of April, 2011.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

4